IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC L. JACKSON                                                                                    PLAINTIFF

v.                                                                       Civil Action No. 3:13-cv-581-LG-JCG

BANK OF AMERICA, N.A. et al.                                                              DEFENDANTS

### ORDER DENYING PLAINTIFF'S UNTIMELY DISCOVERY MOTIONS [54, 58, 60, 62, 64, 66]

BEFORE THE COURT are six discovery Motions, which were all filed by Plaintiff Eric Jackson six to nine days before the discovery deadline of August 29, 2014:

1. Plaintiff's Motion [54] to Compel 30(b)(6) Deposition of Defendant Bank of New York Mellon;

2. Plaintiff's Motion [58] for Leave to File Supplemental Expert Report;

3. Plaintiff's Motion [60] to Compel Production of Documents from Defendant Recontrust Company, N.A.;

4. Plaintiff's Motion [62] to Compel Production of Documents and Answers to Interrogatories from Defendant Bank of New York Mellon;

5. Plaintiff's Motion [64] to Compel Production of Documents and Answers to Interrogatories from Defendant Bank of America; and

6. Plaintiff's Motion [66] to Amend Case Management Order Discovery Deadline.

Defendant filed Responses [80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92] to all

-1-

six Motions, and Plaintiff timely filed two Replies [93, 96] in support of two of his six Motions.  Today, Plaintiff filed four Replies [97, 98, 99, 100] in support of his remaining four Motions, but these Replies were filed well beyond his deadline for filing Replies.

## I.  DISCUSSION

A.   <u>All of Plaintiff's discovery Motions are Untimely</u>

August 29, 2014, was the discovery deadline and also the deadline for all dispositive motions, including *Daubert* motions.  Plaintiff filed the six discovery Motions at issue six to nine days before the discovery deadline.[1]  Local Uniform Civil Rule 7(b)(2)(B) provides

> A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline.

L.U.Civ.R. 7(b)(2)(B).

A respondent has fourteen days to respond to a motion, and a movant desiring to file a rebuttal may do so within seven days after the service of a response.  L.U.Civ.R. 7(b)(4).  Plaintiff did not file the six discovery Motions at issue in time for briefing to be completed prior to the discovery deadline.  The discovery deadline passed many days before Defendant was even required to respond to the Motions.  Plaintiff's Motions were not filed sufficiently in advance of the discovery

---

[1]Plaintiff filed Motion [54] on August 20, 2014; Motion [58] on August 22, 2014; and Motions [60], [62], [64], and [66] on August 23, 2014.

deadline to allow the Court time to rule and the parties time to effectuate the Court's rulings.  Furthermore, the parties were previously granted two extensions of the discovery deadline.  Agreed Mots. [20, 28].

Even assuming, as Plaintiff contends, that Defendant intentionally obstructed his discovery efforts, Plaintiff acted at his own peril when he delayed filing motions to compel and moving forward with depositions, based upon an apparent assumption that he would be granted yet a third extension of the discovery deadline.

> [I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel.  If he fails to do so, he acts at his own peril.  He must not expect the Court to extend discovery and/or the trial date because of the failures of the other party to respond, even if that failure is in bad faith.

*Wells v. Sears Roebuck and Co.*, No. Civ. A. 301CV35BN, 203 F.R.D. 240, 241 (S.D. Miss. Oct. 26, 2001).

Plaintiff's discovery Motions [54, 58, 60, 62, 64, 66] should be denied because they are untimely.

B.   Plaintiff's Motions [60, 62, 64] Requesting the Court to Compel Defendants to Supplement Their Discovery Responses

Three of Plaintiffs' Motions [60, 62, 64] request an order compelling Defendant ReconTrust, Bank of New York Mellon, and Bank of America to respond more fully to Plaintiff's interrogatories and requests for production.  Defendants first filed responses to Plaintiff's discovery requests in February 2014.  Plaintiff waited six months before filing the instant Motions [60, 62, 64] to compel.  The

docket reflects that Defendants supplemented their discovery responses two to four times each.  Defendants represent that they have produced "nearly 1,450 pages of documents, [and] responded to 208 written discovery requests . . . ."  Def.'s Mem. [88] 7.  Plaintiff delayed too long before moving to compel the relief he now seeks.  Trial is set to commence in three and a half months and has been set for over a year.  Defendants' timely filed a Motion for Summary Judgment and *Daubert* Motion, which are now pending before the District Judge.  Reopening discovery at this late hour would not "secure the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.  Plaintiff has not demonstrated that any failure by Defendants to sufficiently respond to Plaintiff's discovery requests warrants reopening discovery.  Plaintiffs' Motions [60, 62, 64] to compel supplementary discovery responses should be denied.

C.   Plaintiff's Motion [54] to Compel 30(b)(6) Deposition of Defendant Bank of New York Mellon

Plaintiff moves the Court to compel Defendant Bank of New York Mellon to designate a corporate representative for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  Plaintiff filed this Motion to Compel nine days before the discovery deadline.  Plaintiff submits that he first approached Bank of New York Mellon about a 30(b)(6) deposition on August 5, 2014, twenty-four days before the discovery deadline.  Pl.'s Mem. [55] 4.  Plaintiff represents that on August 8, 2014, Bank of New York Mellon indicated that it would not designate a corporate representative.  *Id*.  Plaintiff did not file the instant Motion [54] to Compel until

twelve days later, despite a looming discovery deadline. Plaintiff was not diligent in seeking to depose a 30(b)(6) representative of Bank of New York Mellon, and his Motion [54] to Compel 30(b)(6) Deposition of Defendant Bank of New York Mellon should be denied.

D.  Plaintiff's Motion [58] for Leave to File Supplemental Expert Report

Plaintiff requests "leave to file a supplemental expert report," maintaining that "[i]nformation regarding the *full* extent of mold damage to the subject property has only recently been obtained by the Plaintiff and his counsel; counsel has learned that specialized testing must be done in order to determine whether it is even possible to restore the property to livable condition again." Pl.'s Mem. [59] 1. Plaintiff's Motion [58] was filed almost four months after Plaintiff's deadline for designating experts and one week before the close of discovery.

> Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial
> . . .
> (C)  Discovery regarding experts must be completed within the discovery period. The court will allow the subsequent designation or discovery of expert witnesses only upon a showing of good cause.

L.U.Civ.R. 26(a)(2).

Plaintiff admits that his "expert appraiser, Vernon C. Spencer, noted in his expert report submitted to Defendants on May 1, 2014, that 'there is apparent mold and or mildew on the home.'" Pl.'s Mem. [59] 1. An April 28, 2014, Uniform Residential Appraisal Report attached to Plaintiff's Motion provides: "Due to the

length of time the home has been vacant, a level one environmental audit is recommended to determine if any toxic mold is present." Ex. A [58-1].

Plaintiff was aware in April 2014 that an environmental audit was recommended but did not schedule "a visual moisture inspection of the premises" by IICRC Master Certified Water Damage Technician Richie Lott until August 21, 2014, eight days prior to the discovery deadline. Lott Letter [58-2]. In his August 21, 2014, letter report, Mr. Lott recommends that "a Certified Hygienist be contacted as soon as possible . . . to determine the amount of mold that is inside the home . . . [and] write a protocol on how the mold should be removed." *Id.* at 2. Mr. Lott's letter provides that the Hygienist should then write a protocol on removing the mold, lab results would be necessary, and a mold remediation might also be required to be performed by a mold remediation company. *Id.* Another round of mold samples would then be necessary to verify that the home is safe for occupancy. *Id.*

Allowing Plaintiff to proceed as he requests would require that discovery be reopened and extended for an indeterminate amount of time in order for a hygienist to be hired, protocols to be written, mold samples to be collected and tested, a mold remediation team to remove the mold, mold samples to be collected and tested again, expert and counter-expert reports to be written, and experts to be deposed. Trial is set, Defendants' timely filed a Motion for Summary Judgment and *Daubert* Motion, which are pending before the District Judge, and reopening discovery at this point in the proceedings would not "secure the just, speedy, and inexpensive

determination" of this action. Fed. R. Civ. P. 1. Plaintiff has not shown good cause, and his Motion [58] for Leave to File Supplemental Expert Report should be denied.

E.  <u>Plaintiff's Motion [66] to Amend Case Management Order Discovery Deadline</u>

In Motion [66], Plaintiff requests that the Court extend the discovery deadline until forty-five days after the Court rules on Plaintiff's discovery motions. For the reasons previously stated, Plaintiff has not shown good cause for reopening discovery. Plaintiff delayed too long before moving to compel the relief he now seeks, and Plaintiff's Motion [66] to Amend Case Management Order Discovery Deadline should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion [54] to Compel 30(b)(6) Deposition of Defendant Bank of New York Mellon is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [58] for Leave to File Supplemental Expert Report is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [60] to Compel Production of Documents from Defendant Recontrust Company, N.A. is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [62] to Compel Production of Documents and Answers to Interrogatories from Defendant Bank of New York Mellon is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [64] to Compel Production of Documents and Answers to Interrogatories from

Defendant Bank of America is **DENIED**.

   **IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Motion [66] to Amend Case Management Order Discovery Deadline is **DENIED**.

   **SO ORDERED AND ADJUDGED**, this the 24th day of September, 2014.

              *s/ John C. Gargiulo*
              JOHN C. GARGIULO
              UNITED STATES MAGISTRATE JUDGE